BEFORE THE
UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SEAH STEEL CORPORATION,<br>Plaintiff<br>v.<br>UNITED STATES,<br>Defendant. | Court No. 26-03096 |

COMPLAINT

Plaintiff SeAH Steel Corporation ("Plaintiff" or "SeAH "Steel"), files this complaint to contest the ministerial error determination by the U.S. Department of Commerce ("Commerce") in the 2023-2024 administrative review of the antidumping order on Large Diameter Welded Pipe from Korea.

JURISDICTION

1. This action arises out of Commerce's ministerial error determination in an antidumping duty administrative review conducted by Commerce pursuant to Section 751 of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1675. Commerce released its ministerial error analysis memorandum regarding its final results for the 2023-2024 administrative review of the antidumping order on Large Diameter Welded Pipe from Korea on June 1, 2026.

2. This Court has jurisdiction over this matter by reason of 28 U.S.C. § 1581(i)(1)(B), which confers upon the Court exclusive jurisdiction over civil actions commenced against the United States that arises out of any law of the United States providing for tariffs on the importation of merchandise for reasons other than the raising of

revenue, and 28 U.S.C. § 1581(i)(1)(D) which confers upon the Court jurisdiction over the administration and enforcement of matters identified in 28 U.S.C. § 1581(i)(1)(A)-(C) and 28 U.S.C. § 1581(a)-(h). *See, e.g., Okaya (USA) v. United States*, 27 C.I.T 1509, 1515-1516 (2003) (holding the Court has jurisdiction by reason of 28 U.S.C. § 1581(i) to review Plaintiff's claim that the liquidations instructions issued by Commerce were inconsistent with the methodology stated in the final results).

## PLAINTIFF'S STANDING TO COMMENCE THIS ACTION

3. Plaintiff is a producer and exporter of large diameter welded pipe ("LDWP") from Korea, the subject merchandise at issue in this appeal. Plaintiff participated as a respondent in the administrative review of the antidumping order that is the subject of this appeal. Accordingly, Plaintiff is an "interested party" within the meaning of section 771(9)(A) of the Tariff Act, as amended 19 U.S.C. § 1677(9)(A), and has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4. On June 1, 2026, the ministerial error analysis memorandum regarding its final results for the 2023-2024 administrative review of the antidumping order on Large Diameter Welded Pipe was issued.

5. A plaintiff must commence an action under 28 U.S.C. § 1581(i)(1) "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i). The cause of action in this case arose on June 1, 2026, when Commerce issued its ministerial error analysis memorandum in which it effectuated methodology that was inconsistent with methodology stated in its final results. Plaintiff commenced this action by filing concurrently a summons and complaint on June 16, 2026. As this action has been commenced within two

years of the action of the United States, this action is timely filed in accordance with 19 U.S.C. § 1621.

## STATEMENT OF FACTS

6. During the review period, SeAH Steel made U.S. sales through two U.S. affiliated companies, Pusan Pipe America Inc. ("PPA") and State Pipe Supply Co. Ltd. ("State Pipe"). The sales through each affiliated company were reported as separate sales channels in the U.S. sales listing: Channel 1 sales corresponded to sales to unaffiliated U.S. customers through PPA and Channel 2 sales corresponded to sales to unaffiliated U.S. customers through State Pipe.

7. The SeAH Steel LDWP sold through State Pipe was either sold to the unaffiliated U.S. customer as is (*i.e.*, non-further manufactured sales) or processed in the United States prior to sale to the unaffiliated U.S. customer (*i.e.*, further manufactured sales).

8. On April 28, 2026, Commerce released its final determination issues and decision memorandum. In that memorandum, Commerce stated that it would allocate the general and administrative ("G&A") expenses of State Pipe to both further manufactured and non-further manufactured sales by State Pipe. Specifically, Commerce stated that "while we disagree… that State Pipe's G&A expense ratio must be applied to the total cost of further manufactured products (*i.e.*, *the imported pipe that is further manufactured* and the associated further manufacturing costs) and treated as further manufacturing costs, we find that the G&A expenses attributable to the imported pipe should be treated as indirect selling expenses." Commerce went on to state that such treatment was justified because it would "…ensure that {State Pipe's} G&A expense ratio is applied on the same basis on

which the ratio is calculated (*i.e.*, a COGS denominator that includes the imported pipe and the further manufacturing costs)."

9. On May 1, 2026, the *Final Results* were published in the *Federal Register*. *See Large Diameter Welded Pipe From the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2023–2024*, 91 Fed. Reg. 23400 (May 1, 2026).

10. On May 1, 2026, Commerce initially released the margin calculation materials, including the preliminary analysis memorandum and SAS files, for the final determination related to SeAH Steel. However, the materials did not include complete information on the SAS output. The materials for SeAH Steel were, therefore, removed from the record.

11. On May 4, 2026, Commerce released the complete margin calculation materials for the final determination related to SeAH Steel.

12. On May 11, 2026, SeAH Steel filed ministerial error comments informing Commerce that the SAS code effectuating its final determination was not consistent with its stated methodology in its final determination. Specifically, the SAS code did not limit application of State Pipe's G&A expense ratio to State Pipe's further manufactured and non-further manufactured sales and deduct that amount as an indirect selling expense for State Pipe's U.S. sales. Instead, the SAS code also incorrectly applied State Pipe's G&A expense ratio to sales made by PPA and deducted that amount as an indirect selling expense for PPA's U.S. sales, even though State Pipe was not involved in any way in those sales and even though neither the revenue from those sales nor the cost of goods sold for those sales was included in State Pipe's cost of goods sold.

13. On June 1, 2026, Commerce stated that the errors identified in SeAH Steel's May 11 comments "do not constitute ministerial errors" because they "concern{}

Commerce's methodological decision to apply State Pipe's G&A expense ratio to non-further manufactured sales in order to capture all G&A expenses incurred by State Pipe in the calculation of the dumping margin." Commerce, therefore, did not correct the SAS code for its final determination.

## STATEMENT OF CLAIMS

14. Plaintiff realleges and incorporates paragraphs 1 through 13.

15. Commerce's final results ministerial error determination in the administrative review of the antidumping order on Large Diameter Welded Pipe from Korea for the May 1, 2023, to April 30, 2024, review period was unreasonable, unlawful, and an abuse of discretion, for the following reasons, among others:

(1) Commerce's failure to correct the ministerial error identified by SeAH Steel resulted in a calculation that was inconsistent with the methodology described in Commerce's April 28 final determination issues and decision memorandum.

(2) The determination by Commerce that corrections to the SAS code to reflect the methodology stated in its final determination are not ministerial in nature is inconsistent with Commerce's established practice.

## DEMAND FOR JUDGMENT

16. WHEREFORE, Plaintiff respectfully requests this Court to:

(1) Declare Commerce's ministerial error determination to be unreasonable, unlawful, and an abuse of discretion; and

(2) Remand this matter to Commerce for disposition in a manner consistent with the judgment of this Court; and

(3) Provide such other relief as this Court deems appropriate.

Respectfully submitted,

/s/ Jeffrey M. Winton

Jeffrey M. Winton
Michael J. Chapman
Amrietha Nellan
Vi N. Mai
Rachel Hauser

WINTON & CHAPMAN PLLC
1100 13th Street NW, Suite 825
Washington, DC 20005
(202) 774-5500

Attorneys for SeAH Steel Corporation

Dated: June 16, 2026