**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE**

| | | |
|---|---|---|
| SEAH STEEL CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 26-03096 |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF THE MOTION TO DISMISS**


BRETT A. SHUMATE
Assistant Attorney General

PATRICIA MCCARTHY
Director

REGINALD T. BLADES, JR.
Assistant Director

AN HOANG
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
(202) 616-3226
An.Hoang@usdoj.gov


September 11, 2026

*Attorneys for Defendant*

# TABLE OF CONTENTS

ARGUMENT ........................................................................................................................ 1

I. The Court Has Exercised Jurisdiction to Consider Ministerial Error Allegations Under Only Section 1581(c). ............................................................................................ 1

II. SeAH's Characterization of the Dispute Does Not Provide a Basis for Jurisdiction Under Section 1581(i)............................................................................................................ 2

III. SeAH Fails to Demonstrate that Jurisdiction Under Section 1581(c) Was Manifestly Inadequate. ...................................................................................................................... 6

CONCLUSION.................................................................................................................... 9

# TABLES OF AUTHORITIES


Cases Page(s)

*ATC Tires Priv. Ltd. v. United States*,
324 F. Supp. 3d 1355 (Ct. Int'l Trade 2018) .......... 2, 5

*CC Metals & Alloys, LLC v. United States*,
145 F. Supp. 3d 1299 (Ct. Int'l Trade 2016) .......... 5

*Chemsol, LLC v. United States*,
755 F.3d 1345 (Fed. Cir. 2014) .......... 2

*Consol. Bearings Co. v. United States*,
166 F. Supp. 2d 580 (Ct. Int'l Trade 2001) .......... 4

*CS Wind Vietnam Co. v. United States*,
971 F. Supp. 2d 1271 (Ct. Int'l Trade 2014) .......... 2, 5

*Hor Liang Industrial Corp. v. United States*,
337 F. Supp. 3d 1310 (Ct. Int'l Trade 2018) .......... 2, 5, 6, 7

*Intercontinental Chemicals, LLC v. United States*,
483 F. Supp. 3d 1232 (Ct. Int'l Trade 2020) .......... passim

*J.D. Irving, Ltd. v. United States*,
119 F.4th 48 (Fed. Cir. 2024) .......... 6, 7

*J.D. Irving, Ltd. v. United States*,
615 F. Supp. 3d 1323 (Ct. Int'l Trade 2023) .......... 6

*JSC Acron v. United States*,
37 C.I.T. 120 (2013) .......... 7

*Mogul Corp. v. United States*,
809 F. Supp. 105 (Ct. Int'l Trade 1992) .......... 7

*Navigator Co., S.A. v. United States*,
415 F. Supp. 3d 1278 (Ct. Int'l Trade 2019) .......... 7

*NTN Corp. v. United States*,
32 C.I.T. 1283 (2008) .......... 7

*Nucor Tubular Products Inc. v. United States*,
619 F. Supp. 3d 1279 (Ct. Int'l Trade 2023) .......... 2, 6, 7

*Rimco Inc. v. United States*,
98 F.4th 1046 (Fed. Cir. 2024) ............ 9

*Sanchez v. United States*,
179 Fed. Cl. 688 (2026) ............ 3

*Schmees v. HC1.COM, Inc.*,
77 F.4th 483 (7th Cir. 2023) ............ 3

*SGL Carbon LLC v. United States*,
36 C.I.T. 264 (2012) ............ 7

*ThyssenKrupp Acciai Speciali Terni S.P.A. v. United States*,
572 F. Supp. 2d 1323 (Ct. Int'l Trade 2008) ............ 2

<u>Statutes</u>

28 U.S.C. § 1581(i) ............ 1, 2

28 U.S.C § 1581(c) ............ 6, 8

<u>Regulations</u>

19 C.F.R. § 351.224(b) ............ 8

19 C.F.R. § 351.224(f) ............ 2

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE**

| | | |
|---|---|---|
| SEAH STEEL CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 26-03096 |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF THE MOTION TO DISMISS**

Pursuant to Rules 7(d) and 12(b)(1) of the Rules of the United States Court of International Trade (USCIT R.) and the Court's July 31, 2026 Order, Dkt. No. 16, defendant, the United States, respectfully submits this reply in support of our motion to dismiss the complaint and in reply to the response of plaintiff SeAH Steel Corporation (SeAH). For the reasons stated in our motion and below, the Court should dismiss the complaint because the Court does not possess jurisdiction to review SeAH's claims of ministerial error under 28 U.S.C. § 1581(i).

**ARGUMENT**

**I. The Court Has Exercised Jurisdiction to Consider Ministerial Error Allegations Under Only Section 1581(c).**

"This is a dispute about the Final Results, and as such, the only valid basis for jurisdiction lies under § 1581(c). Therefore, a claim arising under § 1581(i) should be dismissed for lack of subject matter jurisdiction." *Intercontinental Chemicals, LLC v. United States*, 483 F. Supp. 3d 1232, 1240 (Ct. Int'l Trade 2020). SeAH disagrees with the *Final Results*—specifically, with the calculation of its final margin. Compl. ¶¶ 9–12, Dkt. No. 2; Def.'s Mot. to Dismiss, Dkt. No. 12, Ex. C at 1–4 (Ex. C). SeAH requested that Commerce "correct ministerial errors in the

calculations used in its final determination." Ex. C at 1; Compl. ¶¶ 12–13. Commerce, however, declined to amend the *Final Results* because its calculations were consistent with its prior practice and "because SeAH's allegations do not constitute ministerial errors within the meaning of section 735(e) of the Act and 19 CFR 351.224(f)." Dkt. No. 12, Ex. D at 4 (Ex. D). SeAH then filed its complaint "to contest the ministerial error determination" under Section 1581(i). Compl. 1–2.

The Court, however, has routinely considers challenges to Commerce's consideration of ministerial error allegations regarding the final results under Section 1581(c). *See, e.g.,* Mot. to Dismiss 9 (citing *Nucor Tubular Products Inc. v. United States*, 619 F. Supp. 3d 1279 (Ct. Int'l Trade 2023); *Hor Liang Industrial Corp. v. United States*, 337 F. Supp. 3d 1310 (Ct. Int'l Trade 2018); *ThyssenKrupp Acciai Speciali Terni S.P.A. v. United States*, 572 F. Supp. 2d 1323 (Ct. Int'l Trade 2008)); *see also ATC Tires Priv. Ltd. v. United States*, 324 F. Supp. 3d 1355 (Ct. Int'l Trade 2018); *CS Wind Vietnam Co. v. United States*, 971 F. Supp. 2d 1271 (Ct. Int'l Trade 2014). As such, SeAH cannot invoke this Court's residual jurisdiction under Section 1581(i) to seek review of its allegations of ministerial error. *Intercontinental*, 483 F. Supp. 3d at 1240; *Chemsol, LLC v. United States*, 755 F.3d 1345, 1354 (Fed. Cir. 2014) ("{W}hen relief is prospectively and realistically available under another subsection of 1581, invocation of subsection (i) is incorrect."). SeAH's complaint should therefore be dismissed for improperly asserting this Court's jurisdiction under Section 1581(i).

## II. SeAH's Characterization of the Dispute Does Not Provide a Basis for Jurisdiction Under Section 1581(i).

In its response, SeAH does not (and cannot) identify any prior case when the Court found jurisdiction to review ministerial error allegations under Section 1581(i). Nevertheless, SeAH argues that "the Court has 28 U.S.C. § 1581(i) jurisdiction" by attempting to distinguish its

claims from prior cases stating otherwise. *See* Pl.'s Resp. 11–15, Dkt. 18.[1] In particular, SeAH alleges that "Commerce's ministerial error determination improperly changed the methodology contained in its Final Determination" and argues that "this situation is analogous to cases in which parties appealed erroneous liquidation instructions" pursuant to Section 1581(i). Pl.'s Resp. 11–14; *see also* Pl.'s Resp. 2. SeAH's argument fails to demonstrate the Court's jurisdiction under Section 1581(i) for multiple reasons.

First, the "claim" described in SeAH's response should be disregarded as an improper attempt to amend its complaint through responsive briefing. In its complaint, SeAH alleges that,

> Commerce's failure to correct the ministerial error identified by SeAH Steel resulted in a *calculation that was inconsistent with the methodology* described in Commerce's April 28 final determination issues and decision memorandum.

Compl. ¶ 15 (emphasis added). In its response, however, SeAH now claims that,

> Commerce's ministerial error determination *improperly changed the methodology* described in Commerce's April 28 final determination issues and decision memorandum.

Pl.'s Resp. 2 (emphasis added). In its complaint, SeAH did not allege that Commerce changed its methodology through its ministerial error determination; SeAH alleges only that the margin calculations were incorrect as inconsistent with methodology stated in the IDM. Compl. ¶ 15; *see also* Pl.'s Motion for Injunction 6–7, Dkt. 9. To the extent that SeAH's claim has changed in substance, it is not appropriate to amend a complaint by a response in opposition to a motion to dismiss. *See, e.g., Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 489 (7th Cir. 2023); *Sanchez v. United States*, 179 Fed. Cl. 688, 724 (2026) ("claims presented for the first time in a responsive briefing, but not included in a complaint, are generally not considered by a court."). SeAH's

---

[1] PDF pages 8-13 and 14-19 of SeAH's response, Dkt. No. 18, appear to be duplicative. Because those pages appear identical and do not affect citations, we continue to cite to the page numbers on the bottom of each page of the response.

argument in this regard therefore fails to provide a basis for this Court's jurisdiction under Section 1581(i).

Second, even if considered on the merits, SeAH's distinction—that Commerce "improperly changed {its} methodology"—still provides no basis for Section 1581(i) jurisdiction. SeAH argues at length that "Commerce's ministerial error determination changed the methodology described in the {IDM} and reversed long-standing agency practice . . ." Pl.'s Resp. 3–10 (cleaned up). However, SeAH fails to explain how that characterization of Commerce's determination, even if true, would allow for Section 1581(i) jurisdiction.[2] Again, SeAH cannot cite to any case in which the Court assumed jurisdiction under Section 1581(i), instead of Section 1581(c), when a plaintiff asserts that it challenges a "new methodology described in the ministerial error determination." Pl.'s Resp. 13. Instead, SeAH relies on cases when the Court has found Section 1581(i) jurisdiction to review allegations that "liquidation instructions issued by Commerce after a final determination were inconsistent with the methodology stated in the final results." Pl.'s Resp. at 14. Those cases are wholly inapposite. As SeAH appears to recognize, the Court has reviewed challenges to liquidation instructions under Section 1581(i) "because the liquidation instructions were not part of the Final Results . . ., {so} the plaintiff could not invoke § 1581(c) jurisdiction." *Intercontinental*, 483 F. Supp. 3d at 1236 (citing *Consol. Bearings Co. v. United States*, 166 F. Supp. 2d 580, 583 (Ct. Int'l Trade

[2] Although ultimately not dispositive to the issue of the Court's jurisdiction under Section 1581(i), we otherwise dispute SeAH's characterization. Upon considering SeAH's allegations of ministerial error, Commerce did not change the *Final Results*. Ex. D at 2; *see also* Compl. ¶ 13. To the contrary, Commerce specifically declined to modify the *Final Results*. Ex. D at 2. Commerce found that its final margin calculations, which accompanied the Federal Register notice and IDM, reflect an intentional "methodological decision" that is "consistent with {its} practice." Ex. D at 2–3. Moreover, Commerce found no ministerial error or inconsistency in its final margin calculation. *Id*.

2001)). SeAH presents the opposite situation because it disputes the final margin calculations that are part of the *Final Results* — or at best, alleges an inconsistency with the final results of this administrative review. Compl. ¶¶ 12–13; *see also* Pl.'s Resp 35 ("adjudication of this appeal could result in a lower margin for SeAH Steel . . ."). SeAH could have challenged the *Final Results*, as well as any alleged inconsistency in Commerce's methodology, under Section 1581(c). *See, e.g.*, *Hor Liang*, 337 F. Supp. 3d at 1321 (addressing a challenge to final results and ministerial error allegations under Section 1581(c)); *ATC Tires*, 324 F. Supp. 3d at 1359 ("Commerce stated that the comments did not contest ministerial errors, but rather alleged mistakes regarding the Department's chosen methodology . . ."); *CS Wind*, 971 F. Supp. 2d at 1285 (Commerce rejected ministerial error allegation because its calculation "was an intentional methodological choice."). Thus, residual jurisdiction under Section 1581(i) is not available and the complaint should be dismissed. *Intercontinental*, 483 F. Supp. 3d at 1240.

SeAH also argues that the Court has jurisdiction under Section 1581(i) "because Commerce's ministerial error determination changed long-standing agency policy." Pl.'s Resp. 15–18 (cleaned up). Once again, this Court routinely exercises jurisdiction over challenges to Commerce's actions that are allegedly inconsistent with the agency's policy under Section 1581(c). *See e.g., CC Metals & Alloys, LLC v. United States*, 145 F. Supp. 3d 1299, 1303 & 1311 (Ct. Int'l Trade 2016) (asserting jurisdiction under 28 U.S.C. 1581(c) and remanding "for Commerce to consider Plaintiffs' contention that the selected rate is inconsistent with Policy Bulletin 98.2 . . ."). SeAH again fails to explain how that characterization of Commerce's determination, even if true, would allow for Section 1581(i) jurisdiction.[3]

---

[3] Again, although ultimately not dispositive to the issue of the Court's jurisdiction under Section 1581(i), we otherwise dispute SeAH's characterization, which assumes that "the SAS codes does not reflect Commerce's intended methodology." Pl.'s Resp. 17. Commerce,

SeAH does not cite to any case when the Court has found Section 1581(i) jurisdiction to review allegations that "Commerce improperly changed long-standing policy through its ministerial error determination." Pl.'s Resp. 17. Instead, SeAH broadly alleges only that its claim is "a legal error that is distinct from Commerce's determination" that is supported by "past cases addressing challenges to post-final administrative actions." Pl.'s Resp 17–18 (citing *J.D. Irving, Ltd. v. United States*, 615 F. Supp. 3d 1323, 1332 (Ct. Int'l Trade 2023), *aff'd*, 119 F.4th 48 (Fed. Cir. 2024)). But as explained above, SeAH's core dispute is with Commerce's final margin calculations that are part of the *Final Results*. SeAH's claim therefore does not articulate an alleged error distinct from, or post-dating, the *Final Results*. SeAH could have challenged the *Final Results*, as well as any alleged change in Commerce's practice, under Section 1581(c). *See, e.g.*, *Nucor*, 619 F. Supp. 3d at 1282 (addressing, pursuant to 28 U.S.C. § 1581(c), ministerial error allegations that Commerce's calculations were contrary to its standard practice). Thus, residual jurisdiction under Section 1581(i) is not available and the complaint should be dismissed. *Intercontinental*, 483 F. Supp. 3d at 1240.

## III. SeAH Fails to Demonstrate that Jurisdiction Under Section 1581(c) Was Manifestly Inadequate.

SeAH contends that the Court's jurisdiction under 28 U.S.C § 1581(c) would have been manifestly inadequate. Pl.'s Resp. 22–28. The Court's prior decisions demonstrate otherwise. Plaintiffs have properly and routinely invoked the Court's jurisdiction to review ministerial error allegations under Section 1581(c).

---

however, determined that there is no error in its margin calculations and that SeAH's ministerial error allegations related to the "methodological merits of Commerce's decision." Ex. D at 3. Commerce therefore rejected SeAH's request to amend the *Final Results*, consistent with its practice. *See Hor Liang*, 337 F. Supp. 3d at 1322 ("Commerce routinely denies ministerial error allegations that raise methodological issues . . .").

SeAH argues that it "could not have challenged Commerce's ministerial error determination" under Section 1581(c) as a "practical matter." Pl.'s Resp. 22. But to demonstrate that any remedy under Section 1581(c) would have been "manifestly inadequate," SeAH must demonstrate, "as a factual matter, either that (1) it was precluded from pursuing that remedy; or (2) . . . the remedy resulting from such a review would have been inadequate." *JSC Acron v. United States*, 37 C.I.T. 120, 127 (2013); *see also J.D. Irving*, 119 F.4th at 54 (Fed. Cir. 2024) (a "manifestly inadequate remedy" is "an exercise in futility, or incapable of producing any result; failing utterly of the desired end through intrinsic defect; useless, ineffectual, vain.").

SeAH does not appear to dispute that review of its ministerial error allegations and its requested remand could have been afforded by the Court exercising jurisdiction pursuant to Section 1581(c). Pl.'s Resp. 22–28; *see* Def.'s Mot. to Dismiss 10; *see also Nucor*, 619 F. Supp. 3d at 1287 (granting remand request for Commerce to reconsider plaintiff's ministerial error comments). And SeAH cannot argue that it was "precluded from pursuing" its challenge under Section 1581(c) when other plaintiffs have done so in prior cases. Although SeAH argues that it would not have had enough time "to decide whether to appeal Commerce's ministerial error determination," nothing prevented SeAH from timely filing its challenge under Section 1581(c).

Indeed, plaintiffs who submit ministerial error allegations routinely initiate actions to challenge the final results under Section 1581(c), even before Commerce issues its memorandum addressing the alleged ministerial errors. *See, e.g.*, *Hor Liang*, 337 F. Supp. 3d 1310; *Navigator Co., S.A. v. United States*, 415 F. Supp. 3d 1278 (Ct. Int'l Trade 2019); *SGL Carbon LLC v. United States*, 36 C.I.T. 264 (2012); *NTN Corp. v. United States*, 32 C.I.T. 1283 (2008); *Fed.-Mogul Corp. v. United States*, 809 F. Supp. 105 (Ct. Int'l Trade 1992). SeAH had the IDM by April 28, 2026, had the *Final Results* by May 1, 2026, had the margin calculation materials at the

latest by May 4, 2026[4], and submitted its allegations of ministerial error in the *Final Results* by May 11, 2026. *See* Def.'s Mot. to Dismiss 2–3. Therefore, the ability to timely challenge the *Final Results* and seek relief under Section 1581(c) was plainly available to SeAH and not "manifestly inadequate."

Finally, SeAH appears to concede that it could have sought review under 28 U.S.C. § 1581(c), but argues that it was prevented from doing so because Commerce "was required to publish an amended final determination correcting its IDM." Pl.'s Resp. 18–21. But again, nothing, including statute, regulation, or case law, precluded SeAH from filing a summons and complaint in this Court to challenge Commerce's determination while its ministerial error allegations were pending before the agency. SeAH also again relies on the faulty assumption that "Commerce's ministerial error determination modified the methodology described in the IDM." *Id*. To the contrary, Commerce's ministerial error determination specifically declined to adopt any change, including to its margin calculations in the *Final Results*. Ex. D at 2; *see also* Compl. ¶ 13. Therefore, Commerce did not effectuate any corrections or changes to the *Final Results*, including the Federal Register notice, IDM or underlying calculations. Absent any change to the *Final Results*, there is no basis to publish an amended final determination. In the end, SeAH could have challenged any aspect of Commerce's *Final Results* while its ministerial error allegations were pending before the agency, just as numerous other plaintiffs did in other cases, under Section 1581(c). SeAH cannot demonstrate that seeking relief under Section

[4] Although SeAH now complains that "the complete calculation materials . . .were placed on the record on May 4—three days after the Federal Register notice was published," SeAH apparently had the necessary materials by May 1, 2026. *See* Ex. E (stating that SeAH "no longer need{s} the full printout") (attached). In any event, all documents were on the record within five business days of the publication of the *Final Results* consistent with 19 C.F.R. § 351.224(b)).

1581(c) would have been "manifestly inadequate" so its complaint fails to invoke this Court's jurisdiction under Section 1581(i). *Rimco Inc. v. United States*, 98 F.4th 1046, 1055 (Fed. Cir. 2024).

**CONCLUSION**

For the foregoing reasons, and the reasons stated in our motion to dismiss, we respectfully request that the Court dismiss this action because the Court does not possess subject matter jurisdiction.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA MCCARTHY
Director

REGINALD T. BLADES, JR.
Assistant Director

/s/ An Hoang
AN HOANG
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
(202) 616-3226
An.Hoang@usdoj.gov

September 11, 2026

*Attorneys for Defendant*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this response complies with the word limitation in Court of International Trade Standard Chambers Procedures § 2(B)(1), and contains approximately 2910 words, excluding the parts of the brief exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

/s/ An Hoang

# EXHIBIT E

Outlook

**[External] RE: [External] RE: Final Results of the 2023-2024 AD Administrative Review of Large Diameter Welded Pipe from Korea**

**From** Amrietha Nellan <anellan@winton.law>
**Date** Tue 5/5/2026 5:35 PM
**To** Katerina Katsiadas (Federal) <Katerina.Katsiadas@trade.gov>; Brian Smith (Federal) <Brian.Smith@trade.gov>
**Cc** Rachel Hauser <rhauser@winton.law>; Claire Lwin <clwin@winton.law>; Quin Buckley <qbuckley@winton.law>

Thank you, Kat! I see it on ACCESS.

Best,
Amrietha

---

**From:** Katerina Katsiadas (Federal) <Katerina.Katsiadas@trade.gov>
**Sent:** Tuesday, May 5, 2026 3:14 PM
**To:** Amrietha Nellan <anellan@winton.law>; Brian Smith (Federal) <Brian.Smith@trade.gov>
**Cc:** Rachel Hauser <rhauser@winton.law>; Claire Lwin <clwin@winton.law>; Quin Buckley <qbuckley@winton.law>
**Subject:** Re: [External] RE: Final Results of the 2023-2024 AD Administrative Review of Large Diameter Welded Pipe from Korea

Hi Amrietha,

The memo with the corrected deadline will be available on Access shortly.

Best,

Kat

---

**From:** Amrietha Nellan <anellan@winton.law>
**Sent:** Tuesday, May 5, 2026 2:16 PM
**To:** Katerina Katsiadas (Federal) <Katerina.Katsiadas@trade.gov>; Brian Smith (Federal) <Brian.Smith@trade.gov>
**Cc:** Rachel Hauser <rhauser@winton.law>; Claire Lwin <clwin@winton.law>; Quin Buckley <qbuckley@winton.law>
**Subject:** [External] RE: Final Results of the 2023-2024 AD Administrative Review of Large Diameter Welded Pipe from Korea

Hi Kat,

Thanks for placing the full log printouts on the record. I wanted to confirm the deadline for ministerial error comments.

Based on the memo, I understand that the Department intends to give 5 days from May 4 when the updated materials were uploaded to submit comments. I believe that would make the deadline for comment fall on Saturday, May 9, making the effective deadline on Monday, May 11. Is my understanding correct?

Best,

Amrietha

---

**From:** Amrietha Nellan
**Sent:** Monday, May 4, 2026 10:15 AM
**To:** Katerina Katsiadas (Federal) <katerina.katsiadas@trade.gov>; Brian Smith (Federal) <Brian.Smith@trade.gov>
**Cc:** Rachel Hauser <rhauser@winton.law>; Claire Lwin <clwin@winton.law>
**Subject:** RE: Final Results of the 2023-2024 AD Administrative Review of Large Diameter Welded Pipe from Korea

Good morning,

Hope everyone had a good weekend. We no longer need the full printout of the log outputs.

Thanks,
Amrietha

---

**From:** Amrietha Nellan <anellan@winton.law>
**Sent:** Friday, May 1, 2026 7:18 PM
**To:** Katerina Katsiadas (Federal) <katerina.katsiadas@trade.gov>; Brian Smith (Federal) <Brian.Smith@trade.gov>
**Cc:** Rachel Hauser <rhauser@winton.law>; Claire Lwin <clwin@winton.law>
**Subject:** RE: Final Results of the 2023-2024 AD Administrative Review of Large Diameter Welded Pipe from Korea

Hi Kat and Brian,

Thank you for uploading the calculation materials. We started to review the documents and noticed that Attachments 1 and 2 in the calculation memo do not have complete printouts of the log outputs. Specifically, it looks like pages 4-78 are missing from the printout in Attachment 1 and page 5-120 are missing from the printout in Attachment 2. Would y'all be able to upload full printouts for these items? Also, please let us know if it would be helpful to put this request on the record. We will prepare and file letter on Monday.

Best,
Amrietha

---

**From:** Katerina Katsiadas (Federal) <Katerina.Katsiadas@trade.gov>
**Sent:** Tuesday, April 28, 2026 12:01 PM
**To:** Katerina Katsiadas (Federal) <Katerina.Katsiadas@trade.gov>
**Cc:** Brian Smith (Federal) <Brian.Smith@trade.gov>
**Subject:** Final Results of the 2023-2024 AD Administrative Review of Large Diameter Welded Pipe from Korea

Greetings,

On April 27, 2026, the U.S. Department of Commerce (Commerce) completed the Final Results of the 2023-2024 AD Administrative Review of Large Diameter Welded Pipe (LDWP) from The Republic of Korea.  Commerce will upload the unpublished *Federal Register* notice and accompanying Issues and Decision Memorandum to the respective case file in its Antidumping and Countervailing Duty Centralized Electronic Service System (ACCESS) shortly. We intend to upload the disclosure documents within five days of this announcement of the Final Results.

Thank you,

**Katerina Katsiadas**
International Trade Compliance Analyst
Office VIII AD/CVD Operations | Enforcement and Compliance

U.S. Department of Commerce | International Trade Administration
Katerina.Katsiadas@trade.gov | (202) 482-4929